# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

| | |
|---|---|
| DON MASHAK and FIRST NATIONAL REPOSSESSORS, INC., | Civil No. 11-473 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER DENYING TEMPORARY RESTRAINING ORDER** |
| STATE OF MINNESOTA, MINNESOTA SUPREME COURT, MARY YUNKER, TIMOTHY R. BLOOMQUIST, DIANA LONGRIE, LEE WOLFGRAM, DANNETTE MEEKS-HULL, MICHAEL HULL, JOHN DOE, and JANE DOE, | |
| Defendants. | |

Don Mashak, PO Box 231, Albertville, MN 55301, *pro se* plaintiff.

First National Repossessors, Inc., 950 Highway 10 Number 4, Elk River, MN 55330, unrepresented.

Plaintiffs Don Mashak and First National Repossessors, Inc. ("First National") moved for a temporary restraining order on February 24, 2011 against numerous parties, requesting the Court enjoin the Minnesota state courts from further action on a case brought by Mashak against some former employees.  (Docket No. 3.)  This motion is the second motion for injunctive relief brought by Mashak.  In a former action, *Mashak v. Meeks-Hull, et al.*, No. 11-290, slip op. at 2 (D. Minn. Feb. 2, 2011), the Court dismissed a motion for removal as improper, and noted that to hear the case as an original action, the Court would need a basis for federal jurisdiction.  The Court also explained that it

was limited in its ability to enjoin a state court from acting.  Plaintiffs again request the Court to enjoin the state court from taking further action in the case.

A federal statute, the Anti-Injunction Act states:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283.  "Suffice it to say that the Act is an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act."  *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977).  Furthermore, these exceptions are construed narrowly.  *United States ex rel. Goeggel v. Barnes-Jewish Hosp.*, No. 4:96CV2208, 2006 WL 2990496, at *6 (E.D. Mo. Oct. 19, 2006).

Plaintiffs have not pointed to an Act of Congress providing express authorization, nor highlighted how an injunction is necessary for this Court's jurisdiction, nor noted a previous federal court judgment in need of protection.  As a result, the Court denies plaintiffs' motion for a temporary restraining order.  Such an order on the record of this case would violate the Anti-Injunction Act, not falling within any of the three exceptions.

Furthermore, a corporation, as an artificial entity, must appear in federal court through a licensed attorney.  *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).  Therefore, First National must obtain representation to bring the current action.

- 3 -

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for a temporary restraining order [Docket No. 3] is **DENIED**.

2. First National Repossessors, Inc. must obtain counsel within thirty (30) days of the date of this Order or it will be dismissed from the case.

DATED: March 1, 2011  
at Minneapolis, Minnesota.

_____s/ John R. Tunheim_____  
JOHN R. TUNHEIM  
United States District Judge