UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Don Mashak and<br>First National Repossessors, Inc.,<br><br>    Plaintiffs,<br>vs.<br><br>State of Minnesota,<br>Minnesota Supreme Court,<br>Mary Yunker, Timothy R. Bloomquist,<br>Diana Longrie, Lee Wolfgram,<br>Dannette Meeks-Hull, Michael Hull,<br>John and Jane Doe(s),<br><br>    Defendants. | Civil File No. 11-473 JRT/JSM<br><br><br><br>**MEMORANDUM OF LAW<br>IN SUPPORT OF<br>MOTION TO DISMISS OF<br>STATE DEFENDANTS** |

## INTRODUCTION

Plaintiff Don Mashak and his business, First National Repossessors, Inc., assert damages claims arising from a state court lawsuit they brought against two former employees. They sue the lawyers who represented them in the state court lawsuit, as well as the former employees. They also sue the State of Minnesota, the Minnesota Supreme Court, and two state district court judges who made rulings in the state court lawsuit, Judge Mary Yunker and Judge Timothy Bloomquist (collectively the State Defendants).

Plaintiffs assert federal damages claims against the State Defendants under the civil rights statute, 42 U.S.C. § 1983, and under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). Plaintiffs also appear to assert various state-law tort claims against the State Defendants. All of Plaintiffs' claims against the State Defendants stem from Plaintiffs' disagreement with rulings that Judge Yunker or Judge Bloomquist made in the underlying state court lawsuit.

Plaintiffs' claims against the State Defendants fail from the outset as a matter of law because of the Eleventh Amendment's jurisdictional bar and judicial immunity. Accordingly, the Court should grant the State Defendants' motion to dismiss.

## STANDARD OF REVIEW

"Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. FDIC*, 915 F.2d 1171, 1174 (8th Cir. 1990). The existence of subject matter jurisdiction in federal court is a question of law. *Keene Corp. v. Cass,* 908 F.2d 293, 296 (8th Cir. 1990). A federal court must dismiss a claim if it lacks subject matter jurisdiction over the claim. Fed. R. Civ. P. 12(b)(1), 12(h)(3).

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. Ct. 1827, 1832 (1989). Whether a complaint states a cause of action is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

## ARGUMENT

**I. THE ELEVENTH AMENDMENT BARS ALL OF PLAINTIFFS' CLAIMS AGAINST THE STATE OF MINNESOTA, THE MINNESOTA SUPREME COURT, AND THE STATE JUDGES IN THEIR OFFICIAL CAPACITIES.**

The Eleventh Amendment bars private parties from suing an unconsenting state in federal court unless Congress has unequivocally abrogated the state's constitutional

sovereign immunity. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238-40, 105 S. Ct. 3142, 3145-46 (1985). This proscription applies regardless of the nature of the relief sought — money damages, or declaratory or injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-02, 104 S. Ct. 900, 908-09 (1984). It also applies equally to actions against agencies or departments of the state. *Id.* at 100, 104 S. Ct. at 908; *Florida Dep't of Health and Rehabilitative Servs. v. Florida Nursing Home Ass'n,* 450 U.S. 147, 101 S. Ct. 1032 (1981).

The Minnesota Supreme is a state entity, as it is part of the judicial branch of the government of the State of Minnesota. *See* Minn. Const. art. VI; Minn. Stat. ch. 480 (2010); *see also Harris v. Missouri Court of Appeals*, 787 F.2d 427, 429 (8th Cir. 1986) (recognizing that state courts are part of the state and, as such, are protected by the Eleventh Amendment), *cert. denied*, 479 U.S. 851 (1986). Therefore, absent state consent or congressional abrogation, the Eleventh Amendment's jurisdictional bar prohibits Plaintiffs from suing the State of Minnesota or its Supreme Court in federal court on any basis for any type of relief.

The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for claims such as those asserted here. *See DeGidio v. Perpich,* 612 F. Supp. 1383, 1388-89 (D. Minn. 1985) (recognizing that the State of Minnesota's limited waiver of sovereign immunity from tort actions in state court is not a waiver of Eleventh Amendment immunity from suit in federal court for federal claims).

Nor has Congress abrogated this immunity. Plaintiffs' damages claims against the State Defendants for alleged violations of the federal constitution can be brought only

3

under 42 U.S.C. § 1983. Congress did not abrogate Eleventh Amendment immunity in enacting Section 1983. *Quern v. Jordan,* 440 U.S. 332, 338-45, 99 S. Ct. 1139, 1144-47 (1979). Congress also did not abrogate this immunity in enacting the RICO statute, which Plaintiffs also invoke. *McMaster v. Minnesota*, 819 F. Supp. 1429, 1434 (D. Minn. 1993) (citing *Bair v. Krug,* 853 F.2d 672 (9th Cir. 1988)), *aff'd*, 30 F.3d 976 (8th Cir. 1994), *cert. denied sub nom. Hathaway v. Minnesota,* 513 U.S. 1157 (1995).

Accordingly, the Eleventh Amendment deprives the Court of subject matter jurisdiction over Plaintiffs' federal claims against the State of Minnesota and its Supreme Court. *See, e.g., Harris*, 787 F.2d at 429 (holding that the Eleventh Amendment bars Section 1983 claims brought in federal court against a state court).[1]

The Eleventh Amendment also bars Plaintiffs' federal claims against Judge Yunker and Judge Bloomquist in their official capacities. Even giving Plaintiffs' complaint the most liberal construction, *see Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996), they have failed to sue Judge Yunker and Judge Bloomquist in their individual capacities. Absent a clear statement that officials are being sued in their individual capacities, a complaint is interpreted as making only official-capacity claims. *Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997). Because Plaintiffs' complaint

---

[1] Moreover, state entities are not a "person" subject to suit under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989); *see also Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993) (reiterating that, in addition to the Eleventh Amendment bar, a state court is not a person subject to suit under Section 1983), *cert. denied*, 510 U.S. 828 (1993).

contains no such statement, Plaintiffs have sued Judge Yunker and Judge Bloomquist in only their official capacities.

As state district court judges, Judge Yunker and Judge Bloomquist are state officials in the Minnesota judicial branch. *See* Minn. Const. art. VI; Minn. Stat. ch. 484 (2010). The Eleventh Amendment bars federal damages claims against state officials in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169-70, 105 S. Ct. 3099, 3107 (1985); *see also Will*, 491 U.S. at 71, 109 S. Ct. at 2312 (stating that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and "[a]s such, it is no different from a suit against the State itself").[2]

The Eleventh Amendment also bars a federal court from deciding state-law claims asserted against a state or state officials in their official capacities, even if such claims are pendent to federal claims. *Pennhurst*, 465 U.S. at 121, 104 S. Ct. at 919 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment."). The State of Minnesota has not waived its Eleventh Amendment immunity from suit in federal court for state-law tort claims. *Hoeffner v. University of Minnesota*, 948 F. Supp. 1380, 1383, 1391-93 (D. Minn. 1996); *DeGidio,* 612 F. Supp. at 1388-89. Thus, the Court also lacks jurisdiction over Plaintiffs' purported tort claims against the State, its Supreme Court, and the state judges in their official capacities.

---

[2] In addition, state officials in their official capacities are not a "person" subject to suit for damages under Section 1983. *Will*, 491 U.S. at 71, 109 S. Ct. at 2312.

**II.   JUDICIAL IMMUNITY BARS PLAINTIFFS' CLAIMS AGAINST THE STATE JUDGES IN THEIR INDIVIDUAL CAPACITIES.**

If Plaintiffs' complaint is construed as suing Judge Yunker and Judge Bloomquist in their individual capacities, Plaintiffs' claims against them are barred by judicial immunity, whether the claims are asserted under federal or state law.

It is well established under federal law that judges are absolutely immune from damages claims based on their judicial acts. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). In *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351 (1872), the Supreme Court stated that "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction." Because it is absolute, judicial immunity also "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S. Ct. 1213, 1218 (1967); *see also Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 288 (1991) (reiterating that "judicial immunity is not overcome by allegations of bad faith or malice"). The bar of absolute immunity also cannot be overcome by allegations of conspiracy. *See Moses v. Parwatikar*, 813 F.2d 891, 892-93 (8th Cir. 1987), *cert. denied*, 484 U.S. 832 (1987).

Judicial immunity applies to claim brought under Section 1983. *Pierson*, 386 U.S. at 554-55, 87 S. Ct. at 1218. It also applies to claims brought under the RICO statute. *See, e.g.*, *Singh v. Parnes*, 199 F. Supp.2d 152, 164-65 (S.D. N.Y. 2002); *Daddona v. Gaudio*, 156 F. Supp.2d 153, 158-59 (D. Conn. 2000).

Judicial immunity bars Plaintiffs' federal claims against Judge Yunker and Judge Bloomquist because the claims seek damages for judicial acts. Plaintiffs seek damages from Judge Yunker and Judge Bloomquist for making rulings on motions, discovery, evidence, and issues of scheduling in a civil lawsuit that Plaintiffs brought in state district court. *See* Complaint ¶¶ 26-40, 77-78, 80, 82-83, 97, 99. These are clearly judicial acts, as making such rulings is a function normally performed by a judge and the parties in the state court lawsuit were dealing with Judge Yunker and Judge Bloomquist in their capacities as judges. *Stump*, 435 U.S. at 362, 98 S. Ct. at 1107; *see also Edlund v. Montgomery*, 355 F. Supp.2d 987, 990 (D. Minn. 2005) (citing *Stump*). A function normally performed by a judge does not become a nonjudicial act even if the particular exercise of the function at issue was erroneous or exceeded the judge's authority. *Mireles*, 502 U.S. at 12-13, 112 S. Ct. at 288-89.

Further, Plaintiffs' complaint identifies no basis to conclude that the challenged actions of Judge Yunker and Judge Bloomquist fall within the narrow exception to judicial immunity for actions taken in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 356-60, 98 S. Ct. at 1105-06 (stating this exception and holding that it did not apply to a state judge's erroneous approval of a petition to sterilize a minor although the petition was not assigned a docket number, was not filed with the clerk of court, and was approved ex parte without notice, hearing, or appointment of a guardian ad litem). As evidenced by *Stump*, the "clear absence of all jurisdiction" exception is "an extremely limited exception" to the rule that state judicial officers have absolute immunity from damages claims for their judicial acts. *Coleman v. Watt*, 40 F.3d 255, 259 (8th Cir.

1994). In addition, "the scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 356, 98 S. Ct. at 1105.

Plaintiffs' individual-capacity damages claim against Judge Yunker and Judge Bloomquist remain barred by judicial immunity to the extent the claims are asserted under state tort law. Minnesota law fully recognizes that, in any civil action in any court, judges are absolutely immune from damages claims for acts performed in their judicial capacity. *See, e.g., Linder v. Foster*, 209 Minn. 43, 295 N.W. 299 (1940); *Myers v. Price*, 463 N.W.2d 773, 775 (Minn. Ct. App. 1990), *rev. denied* (Minn. Feb. 4, 1991).[3]

## CONCLUSION

For these reasons, the Court should grant the State Defendants' motion to dismiss.

Dated: March 17, 2011                    Respectfully submitted,

                                         LORI SWANSON
                                         Attorney General
                                         State of Minnesota

                                         s/ **John S. Garry**
                                         John S. Garry
                                         Assistant Attorney General
                                         Atty. Reg. No. 208899
                                         445 Minnesota Street, Suite 1100
                                         St. Paul, MN 55101-2128
                                         Telephone: (651) 757-1451
                                         Fax: (651) 282-5832
                                         john.garry@state.mn.us

AG: #2788091-v1                          Attorneys for State Defendants

---

[3] For relief on a claim against his two former employees, Plaintiff Mashak also seeks the vacation of a harassment restraining order that one of them obtained against him. *See* Complaint Count 12 & p. 23 ¶ 1. If directed against the State Defendants, this claim for relief would be barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine.