# UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

Don Mashak and
First National Repossessors, Inc.,

Case File No. 11-473 JRT/JSM

                    Plaintiffs,

Vs.

**MEMORANDUM OF LAW
IN SUPPORT OF MOTION
FOR WRIT OF MANDAMUS**

State of Minnesota, Minnesota Supreme Court,
Mary Yunker, Timothy R. Bloomquist,
Diana Longrie, Lee Wolfgram,
Dannette Meeks-Hull, Michael Hull,
John and Jane Doe(s),

                    Defendants.

## INTRODUCTION

Plaintiff Don Mashak with his company 1st National Repossessors, Inc. have brought this complaint which essentially establishes the State of Minnesota and the several other Defendants are engaged in a criminal conspiracy.

For more than 20 years, Plaintiff Mashak has sought Reform in the Minnesota Judiciary resulting from threats of retaliation escalating to death threats (witness tampering) in the wrongful repossession vehicles from 150-200 innocent Minnesota families. (see attached affidavit, exhibits and linked videos)

For more than 5 years now a loose coalition of Minnesota Citizens and organizations have sought to exercise their Constitutional 1st Amendment Right to Petition the Government for redress of Grievances. (see attached affidavit, exhibits and linked videos)

These grievances being with the Corruption within the Minnesota Judiciary, the Citizens of the State of Minnesota have sought to give evidence and testimony to the House and Senate Judiciary Committees.

Their requests have repeatedly been unconstitutionally denied by the Chair persons of said committees. These chairpersons have cited rules of the Minnesota Legislature which give

them absolute control over the agenda of their committees. These rules are unconstitutional in that they clear abridge the 1st Amendment Right of the People to Petition the Government for redress of grievances. (see attached affidavit, exhibits and linked videos)

In March 2009, after years of being denied their right to present evidence and testimony of Minnesota Judicial corruption, this loose association of Citizens held an unofficial Ad hoc conference on Judicial Corruption was held. This hearing was held to present evidence and testimony exposing corruption in the Minnesota Judiciary and in support of a bill that was then known as <u>Minnesota Judicial Reform and Accountability Bill HR 1632.</u> (see attached affidavit, exhibits and linked videos)

The video evidence of this unofficial AD Hoc hearing (as opposed to an official hearing because the Minnesota Legislative Judicial Committees would not hear our Petitions) can be found as video here  <u>http://t.co/RvJjOf1</u> and here <u>http://t.co/facu3gP</u>  Also here in the left column <u>http://bit.ly/2zyif</u> (see attached affidavit, exhibits and linked videos)

What is worse, is that the Minnesota Judiciary has retaliated against Plaintiff Mashak for attempting to exercise his Right to Petition the Government for redress of Grievances.

The Minnesota Judiciary has retaliated by denying Plaintiff Mashak full, fair, unbiased equitable and just adjudication of litigation in which Plaintiff Mashak is a Plaintiff. Plaintiff Mashak has been denied Discovery, Depositions, amended complaints and hearing dates, etc. to address these issues. This is Litigation in State Courts against two former employees who stole property from both Plaintiffs, embezzled money etc while Plaintiff Mashak was out of the Country on vacation. Desperate to avoid prosecution, Defendant Meeks-Hull alleged various baseless allegations of a sexual nature. Plaintiff Mashak took and passed a polygraph test. (see attached affidavit, exhibits and linked videos)

The Court refused to allow Plaintiffs to depose Defendants and hampered Discovery because they knew Defendant Meeks-Hulls allegations were false. However, the Court machinations to frustrate Discovery and evidence were intentional acts in an attempt to demonize and discredit Plaintiff Mashak for daring to exercise his Right to Petition the Government for Redress of Grievances. The Government's SLAPPS-like (Strategic Lawsuits Against

Public Participation) activities are far more egregious that the SLAPPS decried by the courts in *Gordon v. Marrone,* a 1992 New York case. (see attached affidavit, exhibits and linked videos)

## STANDARD OF REVIEW

On July 4, 1776, our Country's Founders adopted a famous statement of principles and list of grievances, declaring that:

> *"In every state of these Oppressions We have Petitioned for Redress in the most humble terms: <u>Our repeated Petitions have been answered only by repeated injury.</u> A Prince, whose character is thus marked by every act which may define a Tyrant, is unfit to be the ruler of a free people."*
>
> *King George III's crowning wrong, in the end, was his indifference: Those who revolted felt they had no other recourse. In building a new democracy, <u>the Founders avoided the king's mistake by guaranteeing political receptiveness to public concerns.</u>*

In a Representative Republic, public participation is the cornerstone of the system; it is a bedrock principle that connects government to the governed. It legitimizes the system and helps to make government accountable.

The 1st Amendment of the United States Constitution:

> *"Congress shall make no law......abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

By virtue of the **incorporation doctrine**, most provisions of the Bill of Rights now also apply to the state and local governments, by virtue of the due process clause of the <u>Fourteenth Amendment of the Constitution</u>.

<u>**Due process** is the principle that the government must respect all of the legal rights that are owed to a person according to the law.</u> Due process holds the government subservient to the law of the land protecting individual persons from the state. When a government harms a person without following the exact course of the law it constitutes a due process violation which offends against the rule of law.

Due process has also been frequently interpreted as limiting laws and legal proceedings (see substantive due process), so judges - instead of legislators - may define and guarantee fundamental fairness, justice, and liberty

The Right to Petition the Government for Redress of Grievances was one of the checks and balances the Founding Fathers built into our Constitution and government.

From the Cato Letters Numbers 59-60 approximately:

> *"man's freedom is given by God, and that all men are equal in His sight. <u>Men, having been given free will, are not virtuous by nature and, acknowledging their imperfections, create governments so that they may live in safety and harmony together...</u>"*

And verbatim:

> *The only secret therefore in forming a free government, is to <u>make the interests of the governors and of the governed the same</u>, as far as human policy can contrive. Liberty cannot be preserved any other way. Men have long found, from the weakness and depravity of themselves and one another, that most men will act for interest against duty, as often as they dare. So that to engage them to their duty, interest must be linked to the observance of it, and danger to the breach of it. Personal advantages and security, must be the rewards of duty and obedience; and disgrace, torture, and death, the punishment of treachery and corruption.*

From the Federalist Papers Number 51:

> *"If men were angels, no government would be necessary. If angels were to govern men, neither external nor internal controls on government would be necessary. In framing a government which is to be administered by men over men, the great difficulty lies in this: you must first enable the government to control the governed; and in the next place oblige it to control itself. A dependence on the people is, no doubt, the primary control on the government; but experience has taught mankind the necessity of auxiliary precautions."*

The Founding Fathers believed that some of the best means of assuring the interests of the Governors and the Governed remain the same is through checks and balances and transparency and accountability.

Free Speech, Free Press and Freedom of Assembly and the Right to Petition the Government for Redress of Grievances, were among the instruments the Founding Fathers provided the Citizens to ensure and maintain transparency and Accountability.

The intent of the Founding Fathers was to prevent the abuse of WE THE PEOPLE by a tyrannical government that ignored the Constitution and Bill of Rights.

Through transparency and accountability enabled by Free Speech and the Right to Petition the Government for Redress of Grievances, the interests of the Governed and the Governed remain closely aligned. And by these same processes, accountability for corruption and treachery is also enabled and enhanced.

Clearly, the Right to Petition the Government for redress of grievances is not a right that can be ignored nor alienated from WE THE PEOPLE. The Founding Fathers intended for Government to be Transparent and Accountable to counteract the nature of individuals. To deny the Citizens the Right to Petition the Government for Redress of Grievances is diametrically opposed to the Transparency and Accountability the Founding Fathers intended.

Plaintiff Mashak and all Minnesota Citizens who were unconstitutionally denied their right to petition the government for redress of grievances through the offering of evidence and testimony of abuse of power and corruption of the Minnesota Judiciary through the Minnesota House and Senate Judiciary Committees, should immediately be given that opportunity.

## ARGUMENT

In *United Mine Workers of America v. Illinois State Bar Association* (1967), the U.S. Supreme Court exalted the right to Petition as "among the most precious liberties safeguarded by the Bill of Rights" and implicit in "the very idea of government." The Court had earlier affirmed the right to engage in such activity; it thus deemed it a fundamental liberty, protected against encroachment by federal, state and local governments.

The following cases also speak to the importance the Supreme Court places upon the Right to Petition and also, the illegality of retaliating against citizens for lawfully exercising their Right to Petition. *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993) McDonald v. Smith, 472 U.S. 479 (1985) | *California Motor Transport Co. v. Trucking Unlimited,*

404 U.S. 508 (1972) | *United Mine Workers v. Pennington,* 381 U.S. 657 (1965) | *Eastern Railroad Presidents Conference v. Noerr Motor Freight,* 365 U.S. 127 (1961) | *United States v. Harriss,* 347 U.S. 612 (1954) | *Hague v. C.I.O.,* 307 U.S. 496 (1939)

For about 20 years, Plaintiff Mashak has sought to petition the Government for redress of grievances. All of his original requests from 20 years ago were denied. (This original Petition relating to witness tampering and death threats to Plaintiff Mashak from employees of 1st National Bank of Anoka which subsequently was bought Norwest Bank, NA, involving the wrongful repossession of vehicles from 150-200 innocent Minnesota Families— More about of this will come in later pleadings) And after a couple years, Plaintiff Mashak just gave up trying to be heard. (see attached affidavit, exhibits and linked videos)

About 6 years ago, a group of Minnesota Citizens began requesting that they be able to present evidence of Corruption to the Minnesota House and Senate Judiciary Committees.

The Chairs of these committees refused. They cited the rules of the Minnesota Legislature that gave the Chair persons absolute control of the agenda of their Committees.

Clearly, the Minnesota House and Senate Judiciary Committees were the correct Government bodies to seek Redress of their Grievances with the Minnesota Judiciary.

Clearly, it is unconstitutional for the Minnesota House and Senate to write rules allowing the Judicial Committee Chair-persons to refuse any Minnesota Citizens Right to Petition the Government for Redress of Grievances. This is an unconstitutional abridgement of the Right to Petition. The U.S. Supreme Court has incorporated the petition clause of the First Amendment as part of the 14th Amendment's guarantees against the states. The petition clause applies equally to state and local governments and protects petitions directed to the judicial, executive and legislative branches.

As we all understand that the intent of the Founding Fathers was to protect WE THE PEOPLE from the Governed through transparency, it is clear on its face that the intent of Legislature in writing the rules abridging the Right to Petition for redress of Grievances was intended to aid, abet and conspire to protect the criminal practices of the Minnesota Judiciary.

Further, it is clear on its face that the act by each House and Senate Judiciary Chairperson to abridge the Right to Petition and prevent the presentation of evidence and

testimony of Corruption in the Minnesota Judiciary was again an act to prevent discovery of the criminal activities of the corrupt organization.

Plaintiff Mashak's life has been destroyed by two separate instances of Minnesota Judicial corruption. As the Right to Petition provides immunity to in SLAPSS actions as in *Gordon v. Marrone,* a 1992 New York case, Plaintiff Mashak must be granted protection from SLAPPS-style activities by the Government itself.

Having paid the price in full, Plaintiff Mashak seeks to expose the Corruption in the Minnesota Judiciary by Petitioning the Minnesota Legislature for Redress of Grievances. Further, it is necessary to give all other Minnesota Citizens who have been denied the same constitutional right, the opportunity to present testimony and evidence of corruption in the Minnesota Judiciary.

The Minnesota Legislature has intentionally, maliciously and unconstitutionally denied Plaintiff Mashak's and hundreds, if not thousands, of other State Citizens' Right to Petition for Redress of Grievances. They did this by writing laws and rules that unconstitutionally abridged the 1st Amendment Right to Petition for Redress of Grievances.

The Minnesota Legislature has done this in furtherance of a criminal conspiracy which cause the interests of the Governors to be different from the interests of the Governed. The Minnesota Judiciary has intentionally, maliciously, unlawfully and unconstitutionally retaliated against Plaintiff Mashak for lawfully exercising his Right to Petition the Government for Redress of Grievances. The acts of the Minnesota Judiciary in attempting to "fix" a case in which Plaintiff Mashak began as a Plaintiff, was solely to demonize and discredit Plaintiff Mashak and were intended to further the interests of the criminal conspiracy.

In Closing, our country is on the brink of collapse. Many are confused over the myriad of issues and afflictions compromising our country. Most Citizens are overwhelmed when trying to chart a course back to strength and prosperity.

Plaintiff Mashak is not. The single most effective and quickest way to restore the health and vitality of our Representative Constitutional Republic is to restore the transparency and Accountability our Founding Fathers acknowledged were necessary to prevent Governors from giving into their nature and incorporated into our Constitution and Government at its Founding.

In the Interest of restoring America to its former greatness, this Court must set the tone by reinstating the transparency and accountability the Founding Fathers intended. And its 1st Order should be to require the entire Minnesota Legislature to hear the petitions for redress of grievances by WE THE PEOPLE in the form of testimony and evidence of systemic corruption in the Minnesota Judiciary.

## CONCLUSION

The Right to Petition the Government for redress of grievances is guaranteed by the Constitution and Bill of Rights. The Minnesota Legislature and the Chairpersons of the Respective Judiciary Committees had no authority to abridge the Petitioning the Government for redress of grievances in the form of presenting testimony and evidence. In fact, abridgement of this Right is prohibited by the 1st Amendment.

To ensure that the interests of the Governed and Governed remain the same, and to provide the transparency and accountability the Founding Fathers intended as a check and balance on the power of Government, this Court must grant a Writ of Mandamus ordering the entire Minnesota Legislature to hold and attend hearings for the presentation of testimony and evidence of systemic corruption in the Minnesota Judiciary. Said hearings to last up to 5 days (9 hours each day prorated) before the session ends this spring 2011.

Further, going forward, the Minnesota House and Senate Judiciary Committees shall be required annually to hold joint hearings for up to 5 days (9 hours per day prorated) to allow citizens to present evidence and testimony of corruption in the Minnesota Judiciary upon the request by any 5 citizens.

All of this transparency and accountability being necessary to counteract the nature of man which the Founding Fathers planned for and warned us of.

More importantly, this air of transparency and accountability shall lead to the revitalization of our State and Country. Such revitalization resulting from a Government's business being conducted in the light of day.

Dated: March 25, 2011

Don Mashak (personally and as owner) 612-723-7780
1st National Repossessors, Inc.
POB 231
Albertville, MN 55301

s/ Don Mashak