UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DON MASHAK and FIRST NATIONAL REPOSSESSORS, INC., | Civ. No. 11-473 (JRT/JSM) |
| Plaintiffs, | REPORT AND RECOMMENDATION |
| v. | |
| STATE OF MINNESOTA, MINNESOTA SUPREME COURT, MARY YUNKER, TIMOTHY R. BLOOMQUIST, DIANA LONGRIE LEE WOLFGRAM, DANNETTE MEEKS-HULL, MICHAEL HULL, JOHN DOE, and JANE DOE | |

This matter is before the undersigned on plaintiffs' Motion for Leave of First National Repossessors, Inc. to Proceed without Attorney [Docket No. 27].  This matter was referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1 [Docket No. 36].

## I.  BACKGROUND

Plaintiff Don Mashak is the sole owner of plaintiff First National Repossessors, Inc. ("FNR"), a Minnesota corporation.  Complaint, ¶10 [Docket No. 1].  Mashak and FNR sued defendants on eighteen counts, ranging from racketeering and theft by swindle to tortious interference with business and conversion.  Complaint.  Defendants in the action are the State of Minnesota, the Minnesota Supreme Court, Judge Mary Yunker and Judge Timothy Bloomquist (the "State Defendants"), two of Mashak's former attorneys (Dianna Longrie and Lee Wolfgram), Dannette Meeks-Hull, a former employee of FNR, and Michael Hull, a former part-time subcontractor of FNR.  The allegations in the complaint arise out of Minnesota state-court litigation Mashak and

FNR brought against Meeks-Hull and Hull.  See Don Mashak, 1st National Repossessors, Inc. v. Dannette L. Meeks-Hull and Michael Hull, 30-cv-09-429 (Isanti County District Court).  In lieu of answering the Complaint, the State Defendants have moved to dismiss based on lack of jurisdiction.  [Docket Nos. 15, 17].  Wolfgram answered and counterclaimed against Mashak for breach of contract, fraud, and negligent misrepresentation.  He also asserted a defense of lack of subject matter jurisdiction. [Docket No. 22].  The remaining defendants have not appeared in the case.

Mashak and FNR have also moved for a writ of mandamus "requiring the Minnesota Legislature to allow Minnesota Citizens to exercise their Constitutional 1st Amendment rights to Petition the Government for Redress of Grievances by allowing Minnesota Citizens to provided [sic] testimony and evidence to the entire Minnesota Legislative Session thereafter upon the request by 5 or more Minnesota Citizens." [Docket No. 23].  The State Defendants' motion to dismiss and Mashak and FNR's motion for writ of mandamus are scheduled to be heard by the above-signed on June 20, 2011.

## II.     PLAINTIFFS' MOTION FOR LEAVE OF FNR TO PROCEED WITHOUT AN ATTORNEY

Mashak is appearing in this matter pro se.  On March 1, 2011, Judge John R. Tunheim issued an order requiring FNR to obtain counsel within thirty days of the date of his order or it would be dismissed from the case.  Order, p. 3 [Docket No. 7].  Rather than obtain counsel during that time period, Mashak has moved for leave for FNR to proceed without counsel, in contravention of Judge Tunheim's order.  [Docket No. 27].  Mashak did not style his pleading as a motion for reconsideration of Judge Tunheim's order, but that is clearly what it is.

Local Rule 7.1(h) states: "motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, which shall be filed and served in accordance with the ECF procedures." Such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988) (citation omitted).

Mashak did not seek leave of the Court before filing his motion and that alone would be reason to deny the motion. But even considering the merits of the motion, this Court finds no basis for recommending any changes to Judge Tunheim's order. Mashak's memorandum and affidavit are replete with rhetoric about the "travesty and manifest injustice" that would result from dismissing FNR from the suit for failing to retain counsel, and how such an action would "give the appearance of impropriety and bias to the court." Plaintiffs' Memorandum of Law in Support of Motion for Leave of First National Repossessors, Inc. to Proceed without an Attorney. ("Pl. Mem."), p. 2. [Docket No. 42]. Mashak's affidavit in support of his motion states that this Court has the freedom to "ignore the rules" if application of the rules would result in manifest injustice and that it would be a manifest injustice to dismiss FNR from the case. Affidavit of Don Mashak in Support of Motion for Leave of First National Repossessors, Inc. to Proceed without a Lawyer ("Mashak Aff."), ¶¶14, 16 [Docket No. 43]. According to Mashak, his financial inability to retain counsel for FNR is a result "of the unlawful and

unconstitutional repression against Plaintiff Mashak for merely lawfully exercising his constitutional Right to Petition the Government for Redress of grievances." Id., ¶47.

Further, Mashak claims that he had "an epiphany caused by the duress Plaintiff Mashak experience[d] by a Corrupt Court that abused its powers and not followed any of its own rules, my current religion requires that I do not use a Minnesota Attorney. Thus my solely owned corporation cannot be required to utilize an attorney as a matter of Freedom of Religion." Id., ¶26.  Finally, Mashak argued that because he is the sole shareholder of FNR, the rationale for requiring corporations to retain counsel, protection of shareholders, does not apply in his case. Id.¶¶12-14. The State Defendants have opposed Mashak's and FNR's motion, arguing that there is no basis to depart from the long-standing rule that a corporation cannot appear in federal court pro se. State Defendants' Memorandum of Law, p. 1 [Docket No. 38].

Judge Tunheim cited Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993) in support of his order that FNR obtain counsel. Order, p. 2. The Supreme Court in Rowland noted that "it has been the law for the better part of two centuries. . . that a corporation may appear in federal court only through licensed counsel." (citations omitted). The Rowland decision referred to a case in a footnote in which the Eastern District of New York allowed a sole shareholder to appear for a closely held corporation. Id. at 203, n.5 (citing In re Holliday's Tax Servs., Inc., 417 F. Supp. 182 (E.D.N.Y. 1976)). However, the Supreme Court noted that this case "neither follow[ed] federal precedent nor [has itself] been followed." (citations omitted). Thus, notwithstanding Mashak's arguments to the contrary, there is no exception to the rule requiring corporations to be represented in federal court for corporations with a sole shareholder.

See Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) ("the law does not allow a corporation to proceed pro se." (citing 28 U.S.C. § 1654; United States v. Van Stelton, 988 F.2d 70, 70 (8th Cir.1993) (per curiam); Eagle Associates v. Bank of Montreal, 926 F.2d 1305, 1308 (2d Cir.1991)). This Court finds no support for Mashak's assertion that his "religion" prohibits him from hiring a Minnesota attorney to represent FNR. This assertion is unsupported by specific facts or law and appears to this Court to be nothing more than a ploy to seek reconsideration of and avoid Judge Tunheim's Order.

Mashak's motion fails under the standard for reconsideration expressed in Hagerman—he has presented no evidence that Judge Tunheim committed a manifest error of law or fact, and his unsupported statements regarding his new "religion" do not constitute "newly discovered evidence" such that Judge Tunheim's order should be revisited.

### III.   RECOMMENDATION

For the reasons set forth above and based on all the files, records and proceedings herein,

**IT IS RECOMMENDED THAT:**

Plaintiffs' Motion to Proceed without Attorney [Docket No. 27] be denied and that First National Repossessors, Inc. be dismissed from the case pursuant to the Order of Judge John R. Tunheim, dated March 1, 2011 [Docket No. 7].

Dated: May 4, 2011                              *Janie S. Mayeron*
                                                JANIE S. MAYERON
                                                United States Magistrate Judge

5

**NOTICE**

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **May 18, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **May 18, 2011.**