**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| DON MASHAK and FIRST NATIONAL REPOSSESSORS, INC., | Civil No. 11-473 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| STATE OF MINNESOTA, MINNESOTA SUPREME COURT, MARY YUNKER, TIMOTHY R. BLOOMQUIST, DIANA LONGRIE, LEE WOLFGRAM, DANNETTE MEEKS-HULL, MICHAEL HULL, JOHN DOE, and JANE DOE, | |
| Defendants. | |

Don Mashak, PO Box 231, Albertville, MN 55301, *pro se*.

First National Repossessors, Inc., 950 Highway 10 Number 4, Elk River, MN 55330, unrepresented.

John S. Garry, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101-2128, for defendants State of Minnesota, Minnesota Supreme Court, Mary Yunker, Timothy R. Bloomquist,

Lee R. Wolfgram, **THE WOLFGRAM LAW FIRM, LTD.**, 100 North Sixth Street, Suite 445A, Minneapolis, MN 55403 for defendant Lee Wolfgram.

Plaintiffs Don Mashak and First National Repossessors, Inc. ("First National")

object to the Report and Recommendation ("R&R") of Magistrate Judge Janie S.

Mayeron recommending the Court deny First National's request to proceed without

counsel.  The Court has conducted a *de novo* review of those portions of the R&R to which plaintiffs object.  *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. L.R. 72.2(b).  Furthermore, the Court has given the pleadings a liberal reading to account for Mashak's lack of legal training.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  However, since the pleadings must still allege sufficient facts to meet the standards for the claims involved, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), the Court overrules the objections, adopts the R&R, and denies plaintiff First National's request to proceed unrepresented.

After Mashak and First National filed their complaint unrepresented, the Court ordered First National to obtain representation within thirty days.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.").  Mashak argues that he has suffered from ill health and has had trouble obtaining representation for First National, of which he is the sole shareholder.  Furthermore, he objects that the cost of obtaining such counsel is prohibitive.  He requests reconsideration of the requirement or fourteen days to obtain counsel.

However, the Supreme Court's decision in Rowland expressly disavowed a court imputing human conditions to corporations for the sake of *in forma pauperis* status, including the right to proceed unrepresented.  *Id.* at 203 ("Poverty, in its primary sense, is a human condition . . . .  But artificial entities do not fit this description.  Whatever the state of its treasury, an association or corporation cannot be said to [possess such a human

condition]." (citations omitted)).  Therefore, Mashak's health issues also are not properly imputed to First National.

Despite being the sole shareholder, Mashak and First National are not one and the same since "incorporation's basic purpose is to create a distinct legal entity . . . ." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001).  Additionally, the Supreme Court in *Rowland* rejected the one case it was aware of where a court permitted a corporation to proceed unrepresented.  506 U.S. at 203 n.5 (citing *In re Holliday's Tax Services, Inc.,* 417 F. Supp. 182 (E.D.N.Y. 1976)).  Finally, since over three months have passed since the Court first advised First National to obtain representation, the Court is not persuaded that fourteen additional days to do so are appropriate.  The Court thus overrules the objections, adopts the R&R, and dismisses First National from the case.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** plaintiff Don Mashak and First National Repossessors, Inc.'s objections [Docket No. 54] and **ADOPTS** the Report and Recommendation of the Magistrate Judge dated May 4, 2011 [Docket No. 44].

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Leave of First National Repossessors, Inc. to Proceed Without an Attorney [Docket No. 27] is **DENIED.**  First National Repossessors, Inc. is **DISMISSED** from the case.

DATED:  June 16, 2011                          ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                    United States District Judge