UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DON MASHAK, | Civil No. 11-473 (JRT/JSM) |
| Plaintiff, | |
| v. | |
| STATE OF MINNESOTA, MINNESOTA SUPREME COURT, MARY YUNKER, TIMOTHY R. BLOOMQUIST, DIANA LONGRIE, LEE WOLFGRAM, DANNETTE MEEKS-HULL, MICHAEL HULL, JOHN DOE, and JANE DOE, | ORDER |
| Defendants. | |

Don Mashak, Route 1, POB 231, Albertville, MN 55301, plaintiff *pro se*.

John S. Garry, Assistant Attorney General, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants State of Minnesota, Minnesota Supreme Court, Mary Yunker, and Timothy R. Bloomquist.

Lee R. Wolfgram, **THE WOLFGRAM LAW FIRM, LTD**, 100 North Sixth Street, Suite 445A, Minneapolis, MN 55403, defendant *pro se*.

Before the Court are Plaintiff Don Mashak's objections to a Report and Recommendation ("R&R") filed January 25, 2012 by United States Magistrate Judge Janie S. Mayeron. The Magistrate Judge recommended that this Court deny both of Mashak's motions and grant the motion to dismiss by the State of Minnesota, the Minnesota Supreme Court, Mary Yunker, and Timothy R. Bloomquist (collectively, the

"State Defendants") and Lee R. Wolfgram's motion to dismiss. After a review of all of the objections, the Court concludes that Mashak has failed to make "**specific** written objections to the proposed findings and recommendations" of the Magistrate Judge. Fed. R. Civ. P. 72(b)(2) (emphasis added). Finding no clear error or manifest injustice in the R&R, the Court will adopt the R&R in its entirety. The Court will also deny the additional motion filed by Mashak because it was filed in violation of this Court's order.

## BACKGROUND[1]

In January 2008, Mashak commenced a small claims court suit against two former employees, Dannette Meeks-Hull and Michael Hull. (Compl. ¶ 191, Docket No. 1.) Meeks-Hull then brought claims of harassment against Mashak. (*Id.* ¶¶ 194-95.) Mashak argues that the State of Minnesota and the Minnesota courts used the ensuing litigation to "demonize and discredit" him. (*Id.* ¶¶ 21-23.) Specifically, Mashak claims that Sherburne County District Court Judge Mary Yunker, who presided over the action, showed "insurmountable bias" against him (*id.* ¶ 26), and that Judge Timothy Bloomquist "aided and abetted the conspiracy to obstruct justice by refusing to intervene." (i*d.* ¶ 39). Mashak also claims that his attorneys, Dianna Longrie and Lee Wolfgram, also aided and abetted the conspiracy. (*See, e.g.*, *id.* ¶¶ 49, 87, 90-99.)

Mashak further contends that Minnesota attorneys are more loyal to "Judges they appear before than they are to the Clients they represent" and that Minnesota judges "fix"

---

[1] For a complete recitation of the facts, see the R&R at 2-10.

cases by "telegraph[ing]" to attorneys the desired result they want, "oblig[ing]" the attorney to deliver.  (*Id.* ¶ 42-43.)  Mashak argues that the State of Minnesota and the Minnesota Supreme Court participated in the retaliation against him, in part because the Minnesota judiciary is responsible for the oversight of judges and attorneys.  (*See id.* ¶¶ 15, 211-221.)

Mashak filed a seventeen count complaint, alleging, among other things, obstruction of justice, violation of his First Amendment rights, conspiracy, cruel and unusual punishment, theft, extortion, breach of contract, and a variety of tort claims.  (*See generally id.*)  In the R&R, the Magistrate Judge recommended granting defendants' motions to dismiss all the claims against them.

Objections to the R&R were originally due on February 8, 2012.  In response to a request made on February 8, the Court granted Mashak an extension of time to respond until February 27, 2012. (Order, Docket No. 149.)  On February 17, 2012, Mashak filed his objections to the R&R.  (Docket No. 151.)

## DISCUSSION

### I.     MASHAK'S OBJECTIONS TO THE R&R

Upon the filing of a Report and Recommendation by a magistrate judge, a party may "serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. L.R. 72.2(b).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."

*Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). Objections which are not specific but merely summarize or repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review. *See, e.g.*, *Martinez v. Astrue*, No. 10-5863, 2011 WL 4974445, at *3 (E.D. Pa. Oct. 19, 2011) (citing cases from numerous other jurisdictions). In the absence of specific objections, the R&R is reviewed for clear error. Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

The Court finds that Mashak's memorandum objecting to the R&R makes no specific objections to the R&R. Indeed, Mashak notes that he is "not going to get into" the Court's recommendations. (Obj. to the R&R at 1.) *See Pennington v. Comm'r of Social Security*, No. 09-274, 2011 WL 1299617, at *1 (S.D. Ill. Apr. 4, 2011) (noting that the "objection" did not even mention the R&R). Upon reviewing the record, the Court finds that there is no clear error of law or fact in the Magistrate Judge's very thorough R&R.

Mashak claims that "Magistrates are not legitimate Judges" and that his right to have his case "heard and adjudicated" by a "duly appointed or elected Judge" was violated. (Obj. to R&R at 15.) Mashak is mistaken. Like all magistrate judges, Magistrate Judge Mayeron's powers are conferred by Congress, 28 U.S.C. § 636, and Mashak's motions were properly referred to her pursuant to Fed. R. Civ. P. 72(b). (*See*

*also* Docket Nos. 36, 60.)  The Court concludes that the Magistrate Judge did not exceed the scope of her authority and that no violation of Mashak's rights occurred.

## II.   MASHAK'S ADDITIONAL MOTION

On July 27, 2011 and August 23, 2011, the Magistrate Judge ordered that "no further motions may be filed or scheduled until a ruling has been issued on the outstanding motions."  (Docket Nos. 106, 114.)  Although the R&R was filed on January 25, 2012, a final ruling on the outstanding motions is not effective until this Order is published.  The Court will, therefore, deny Mashak's motion filed on February 27, 2012 for a *pro bono* attorney[2] and for an expedited hearing (regarding his request for a pro bono attorney) because the motion was filed in violation of the Court's order.

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **the Court OVERRULES** Mashak's objections [Docket No. 151] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated January 25, 2012 [Docket No. 148].  Therefore, **IT IS HEREBY ORDERED** that:

1. Mashak's Motion for Writ of Mandamus [Docket No. 23] is **DENIED**.

---

[2] Mashak claims that he is entitled to a *pro bono* attorney as part of restitution because of Defendants' violation of his rights.  (*See* Mem. in Supp. of Pl.'s Mot. at 14, Docket No. 155.)  The Court notes that Mashak is not threatened with incarceration nor will the Court's decisions today deprive him of his liberty.  *See Turner v. Rogers*, 131 S. Ct. 2507, 2515-16 (2011).  Mashak provides no alternative ground that would entitle him to counsel.

2. Mashak's Motion for Default and Summary Judgment Against Defendants Dannette Meeks-Hull, Diana Longrie, and Michael Hull [Docket No. 56] is **DENIED without prejudice**.

3. State Defendants' Motion to Dismiss of State Defendants [Docket No. 15] is **GRANTED**. All the claims against the State Defendants are **DISMISSED without prejudice**.

4. Lee Wolfgram's Motion to Dismiss [Docket No. 75] is **GRANTED**. All the claims against Wolfgram are **DISMISSED with prejudice**.

**IT IS HEREBY FURTHER ORDERED** that:

5. Mashak's Motion for an Expedited Hearing and Motion to the Court to Provide Plaintiff Mashak a Pro Bono Attorney [Docket No. 153] is **DENIED.**

DATED: March 19, 2012  
at Minneapolis, Minnesota.

                                                    s/ John R. Tunheim  
                                                    JOHN R. TUNHEIM  
                                             United States District Judge